[Civ. No. 15861. First Dist., Div. One. Mar. 5, 1954.]

MARJORIE COREY, Appellant, v. THOMAS FRANCIS COREY, Respondent.

~ J. Elwood Andresen for Appellant.

Ernest J. Torregano and George D. Schilling for Respondent.

WOOD (Fred B.), J.—*Question:* Does the evidence support the finding of the trial court that defendant had fully paid the $40 per month which the decree of divorce between the parties ordered him to pay for the support of their three minor children whose custody the decree awarded to the plaintiff? Our examination of the record convinces us that it does.

Upon the basis of that finding, the trial court made an order recalling a writ of execution theretofore issued and quashing the levy which had been made thereunder. From that order plaintiff has appealed.

The decree was rendered in June, 1941. The period of time here in question commenced with July, 1941, and ended with July, 1952. During that period defendant paid $94.25 more than the amount which fell due under the decree. During 1941-1948 he paid $1,082.25 more than the amount then accruing. After 1948, through July, 1952, he paid but $732, whereas $1,720 accrued during the latter period. Also, a number of the payments during the latter period were made to the daughter by check in her favor, mailed to her. The daughter, who was the youngest of the three children, attained her majority in May of 1952.

Concerning the excess payments during 1941-1948, defendant testified that when plaintiff was on relief the welfare department asked him to increase the payments for support of the children and that he agreed with the department to aid to the best of his ability; and that he told plaintiff that the extra money would go towards his judgment, that he would have a reduction later. That evidence would support an inference that plaintiff accepted and expended the extra money upon the understanding that later on it would be credited against the $40 per month subsequently accruing under the decree.

As to the several $40 checks which he sent to the daughter,

plaintiff knew about them. She learned about them when her daughter received them. Plaintiff testified that she let her daughter "keep them because they were made to her, they were not made to me"; that at the time those checks were made out, the daughter was the only one of the children who was still a minor and the decree had been modified to make the $40 a month payable for her support instead of for the support of all three of the children; and that the $40 was supposed to be for the support of the daughter. That course of conduct upon the part of plaintiff, with no evidence that she ever protested to defendant his sending the payments to the daughter instead of herself, supports an inference that plaintiff acquiesced in and consented to that form and method of payment.

The evidence supports the finding.

The order appealed from is affirmed.

Peters, P. J., and Bray, J., concurred.

A petition for a rehearing was denied April 2, 1954.